**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE E. MARTIN, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>  v.<br><br>BRIGHTHOUSE LIFE INSURANCE COMPANY,<br>     Defendant. | NO. 1:21-CV-02923-RA |

JOINT STIPULATION AND PROTECTIVE ORDER

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1.      This Stipulation and Protective Order ("Protective Order") governs the treatment of all discovery in this case, whether formal or informal, documents, information, electronically stored information, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively, "Discovery Material") produced or designated by any party or non-party (each, a "Producing Party") in the above-captioned matter (collectively with any appeals, the "Action").

2.      The purpose of this Order is to provide for the prompt, efficient and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of certain documents and information produced or exchanged in the litigation by the parties or by any nonparties, to prevent the waiver of applicable evidentiary privileges and doctrines and to comply with all applicable state and federal regulations.

3.      Any Producing Party may designate as confidential any Discovery Material that it believes reasonably and in good faith contains: trade secrets, proprietary business information, competitively sensitive information, sensitive or confidential or private personal identification or financial or other  information, or other information the disclosure of which would, in the reasonable good faith judgment of the Producing Party, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.  Designations of Confidential Information shall be on a document-by-document basis

and shall be marked as: "Confidential" or "Highly Confidential" (or words to the same effect).  All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in accordance with the terms of this Protective Order.

4.     Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the words "Confidential" or "Highly Confidential" in the answer or response; (b) information contained in any document or part thereof may be so designated by marking the words "Confidential" or "Highly Confidential" on the document or any copy of it delivered to the opposing party or its counsel, or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) transcripts may be so designated by a statement made on the record during the course of the deposition, or sending written notice within 30 days of receiving the final version of the transcript of the deposition or testimony.  Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party.  For deposition testimony or other testimony, prior to the expiration of the 30-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material.  In the case of electronically stored information produced in native format, the Producing Party shall include the word "Confidential" in the file or directory name, in a metadata field of a database load file, in the accompanying placeholder image or by affixing the legend "Confidential" to the media containing the Confidential Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD, hard drive, USB).

5.     Discovery Material that contains information of a highly competitively sensitive nature, that could reasonably result in a substantial financial injury to the Producing Party (other

than injury to the Producing Party's position in this action) in the event of disclosure, dissemination or use by or to any of the persons not enumerated in paragraph 9 of this Order and which must be protected from disclosure to any other persons or entities, shall be designated "Highly Confidential."

6.      The designation "Highly Confidential" shall be applied prior to or at the time the Discovery Material is produced or disclosed.  Where a Party reasonably believes a produced document contains highly competitively sensitive information, but it has not been marked as this paragraph mandates, the Party must notify the Producing Party so the Discovery Material may be appropriately reproduced and marked as set forth in this paragraph.

7.      The party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential.  Confidential Discovery Material shall be used solely for litigating this Action (and appeal of this Action), and not in any other litigation or for any business or any other purpose whatsoever.  45 C.F.R. §164.512(e)(1)(v)(A).  Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason.

8.      The scope of this order includes all copies, excerpts, summaries and notes that are prepared or derived from and that incorporate or reflect information contained in any Confidential Material, as well as testimony and oral conversation derived from or related to it.

9.      Confidential Discovery Material, except for material designated "Highly Confidential" may be disclosed or made available without written consent from the Producing Party only to the following persons:

(a)      the parties to this Action, including any Class Representatives;

- 3 -

(b)     counsel of record for the respective parties to this Action, including attorneys consulting with or advising any party in this Action, in-house attorneys, paraprofessionals, employees and agents of such law firms;

(c)     experts or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert(s) or consultant(s) relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" or "Highly Confidential" by the party responsible for its creation;

(d)     employees, officers and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(e)     any witness or potential witness in interviews or preparation for any deposition, hearing or trial, and at any deposition or hearing;

(f)     the author or recipient of the document(s);

(g)     stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h)     outside vendors retained by or for the parties to assist in pretrial discovery, trial and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, if advised by counsel disclosing the Confidential Discovery

Material to such outside vendors of the obligations herein, and further provided that any report created by such outside vendor relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" or "Highly Confidential" by the party responsible for its creation;

        (i)     the Court, Court personnel and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper;

        (j)     any mediator, arbitrator or other person engaged for the purpose of alternative dispute resolution; and

        (k)     any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Protective Order by executing the Undertaking.

        10.    Confidential Discovery Material designated as "Highly Confidential" under paragraph 5 may be disclosed only to the following persons ("Qualified Persons"):

        (a)     Counsel for the parties and employees of such counsel whose functions are necessary to the prosecution or defense of this action;

        (b)     the author or recipient of the document(s);

        (c)     experts retained to assist counsel for the parties, provided that any such experts execute the "Undertaking" prior to any disclosure to such expert(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s), and further provided that any reports created by such experts relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Highly Confidential" by the party responsible for its creation;

(d)     any mediator, arbitrator or other person engaged for the purpose of alternative dispute resolution provided that such person or entity has been informed of this Protective Order and has signed the Undertaking;

(e)     The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action; and

(f)     Any other person or entity as to whom the parties agree in writing prior to any disclosure of Confidential Discovery Material designated as "Highly Confidential," provided that such person or entity has been informed of this Protective Order and has signed the Undertaking.

11.     Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential Discovery Material.  If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

12.     Absent express written agreement of the parties, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals), and may be disclosed only under the circumstances and to the persons or entities specifically provided for in this or subsequent Court orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material.

13.     Notwithstanding the paragraphs above, Confidential or Highly Confidential information may be provided to a party's experts or consultants only to the extent necessary for

such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this litigation, provided that such expert or consultant may not use the Confidential discovery material to their competitive advantage or for any purpose other than relating to this litigation.

14.     In the event any Receiving Party having possession, custody or control of any Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material of the Producing Party, but excluding requests made in connection with an inquiry by a governmental or regulatory authority (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within five business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party.  The Producing Party shall have the burden of objecting to the Third-Party Request.  The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of ten business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such ten business day period before producing any Confidential Discovery Material in response to the Third-Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like.  Nothing in this Protective Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

15.     The inadvertent failure to mark a document or testimony, or a portion thereof, with the "Confidential" or "Highly Confidential" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated.  Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "Confidential" or "Highly Confidential" designation thereupon.  Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated.  Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.  If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

16.     Pursuant to Rule 502(d) of the Federal Rules of Evidence and this Order, the production (whether inadvertent or not) of any document, tangible thing, information or other material covered by the work product doctrine and/or the attorney-client, common interest or other applicable evidentiary privilege that would entitle a party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, common interest

privilege and/or any other applicable privilege) concerning any such documents, tangible things, information or other material or the subject matter thereof.

If production occurs, upon receiving notice from the Producing Party that allegedly privileged material has been produced, the material and any copies or summaries must be returned to the Producing Party as soon as practicable after receipt of such notice.  In the case of ESI, all electronic copies and the original production media shall be destroyed or "wiped," as soon as practicable after such notice.[1]  Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the Producing Party or non-party before the Court; provided, however, that if the party producing the document or information has made a demand for the return as set forth above, the basis of such challenge shall not include an argument that the Producing Party waived privilege or protection by production of the material.

In the event the Receiving Party challenges the Producing Party's privilege designation, the challenging and designating party shall attempt to resolve any challenges reasonably and in good faith prior to filing a motion with the Court.  During the pendency of such a motion, each Receiving Party may retain the document or information and all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion.  Any copy of such document or information submitted to the Court in connection with the motion shall be filed under seal, redacted or submitted for in camera review.  The allegedly privileged material

---

[1] Notwithstanding the provisions of this paragraph, neither the parties nor their counsel shall be required to destroy or wipe any such information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business.  However, they shall not retrieve the allegedly privileged material from said electronic disaster recovery systems after receipt of such notice.

in dispute shall be treated as privileged until the parties either agree or the Court issues an order to the contrary.

17.    In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  The parties will seek to file under seal copies of any Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding or shall redact or protect such information from public disclosure by another procedure agreed upon by the parties and consistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York and Judge's Abrams' Individual Rules.  Counsel for the Receiving Party seeking to use Confidential Discovery Material in connection with or in support of any motion or court proceeding shall comply with the applicable local rules with respect to filing documents under seal.  Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

18.    In the event that the Court determines that there is an actual or threatened violation of this Stipulation and Order by a party receiving the Confidential Discovery Material, the parties agree that the Producing Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of the Stipulation and Order, in addition to any other remedy to which the Designating Person may be entitled at law or in equity.

19.    This Protective Order shall not apply at trial.  To the extent a protective order is necessary at trial, the parties will separately negotiate such protective order and submit it to the Court for review and approval as appropriate.

20.     This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as "Confidential" or "Highly Confidential" under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation.  Discovery Material produced in this Action can only be used by the Receiving Party in conjunction with this Action (including any appeals).  Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection.

21.     If a party objects to another party's designation of information as "Confidential" or "Highly Confidential" it shall advise the Producing Party in writing of the reasons for the objection, and the parties shall meet and confer in a reasonable and good faith effort to resolve the objection. All items objected to shall continue to be treated as confidential pending resolution of the parties' dispute.  If the parties are unable to reach an agreement as to the disputed designation, the objecting party may invoke the Court's rules and procedures for raising discovery disputes.  The Producing Party bears the burden of persuading the Court that the information is in fact confidential within the definitions set forth above.  For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

22.     Each document, testimony, material or other thing, or portion thereof designated as "Confidential" or "Highly Confidential" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material or other thing or portion thereof is not "Confidential" or "Highly Confidential" as defined under this Protective

Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

23.    Counsel for the parties shall exercise reasonable care and take appropriate measures with respect to the storage, custody or use of Confidential Discovery Material it receives to prevent unauthorized disclosure of Confidential Discovery Material.  Confidential Discovery Material must be used, viewed, stored, transmitted and maintained by a Receiving Party in manner and location that reasonably ensures access is limited to persons authorized under this Order. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of the Action.  All such copies, reproductions, summaries, extractions and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

24.    Within 60 days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties, including experts or other third parties, in receipt of Confidential Discovery Material shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Discovery Material and certify that fact.  The Receiving Party's commercially reasonable efforts shall not require the return or destruction of confidential material that is: (i) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) located in the email archive system or archived electronic files of departed employees; or (iii) subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of confidential material but such retained information shall continue to be treated in accordance with the Protective Order.  Counsel

of record and in-house counsel shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product. In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph by stating: "Counsel certifies that [the Receiving Party] has undertaken commercially reasonable efforts to return to the Producing Party or destroy all Confidential Discovery Material of pursuant to paragraph 24 of the Joint Stipulation and Protective Order."

25. Following the termination of the Action, any document that may be maintained pursuant to paragraph 24 above may be used solely to the extent necessary for (i) counsel to defend its conduct in the Action if such conduct is challenged in a collateral action or pending action; (ii) the parties to litigate coverage disputes with insurance carriers concerning this Action. This Stipulation and Order shall not restrict the use of documents or information obtained outside the Action or alter or conflict with any order entered by another court. Nothing contained in this Stipulation and Order shall be construed to impose discovery obligations on a person or entity in the Action or any related action in which that person or entity is not a party.

26. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

27. During the course of discovery Brighthouse Life Insurance Company ("Brighthouse") may produce certain documents maintained on MetLife Inc.'s servers or systems which may contain both information belonging to Brighthouse and information that belongs solely to MetLife Inc. (and not to any predecessor entity of Brighthouse). Information belonging solely

- 13 -

to MetLife Inc. is not within Brighthouse's possession, custody or control, and therefore, for such documents, MetLife Inc. may, at its discretion, request redaction of information belonging solely to MetLife.   To the extent information belonging solely to MetLife Inc. is produced by Brighthouse, such inadvertent disclosure will not prejudice MetLife Inc.'s right to request that the parties return or destroy such documents and that Brighthouse replace the documents in redacted format.  If the Receiving Party objects to the redactions, the parties will meet and confer in a reasonable and good faith effort to resolve the objection.  If the parties are unable to reach an agreement as to the disputed designation within 21 days, the objecting party may invoke the Court's rules and procedures for raising discovery disputes.

28.    Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action.  Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

29.    This Protective Order shall be binding on any future party to this Action.

30.    Any non-party may agree to be subject to and governed by the terms of this Protective Order.

31.    In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

32.     This Court shall retain jurisdiction over all persons and entities subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

33.     This Protective Order may be changed only by agreement of the parties or by an order of this Court, and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

34.     This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

*      *      *

Dated:  May  9, 2022

/s/ Barry Weprin
Barry Weprin
Andrei Rado

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
100 Garden City Plaza, Suite 50
Garden City, NY 11530
Telephone: 212-594-5300
bweprin@milberg.com
arado@milberg.com

Attorneys for Plaintiff

/s/ Joshua C. Polster
Joseph M. McLaughlin
Joshua C. Polster
Amy L. Dawson

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2119
Facsimile: (212) 455-2502
jmclaughlin@stblaw.com
joshua.polster@stblaw.com
amy.dawson@stblaw.com

Attorneys for Defendant Brighthouse Life
Insurance Company

To the extent the parties seek to file documents with the Court in redacted form or under seal, they shall do so consistent with Rule 5.A of this Court's Individual Rules & Practices in Civil Cases.

SO ORDERED.

DATED:  May 10, 2022

_____
THE HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE E. MARTIN, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>BRIGHTHOUSE LIFE INSURANCE COMPANY,<br>     Defendant. | NO. 1:21-CV-02923-RA |

**UNDERTAKING**

  The undersigned hereby certified that he/she has received a copy of the Joint Stipulation and Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York, for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action.  He/she understands that violation of the Protective Order is punishable by contempt of court.

DATED:  _____  _____