# Milbank

**STACEY J. RAPPAPORT**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5347
srappaport@milbank.com | milbank.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: August 30, 2024

August 28, 2024

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *Martin v. Brighthouse Life Insurance Company*, Case No. 1:21-CV-02923

Dear Judge Garnett:

      We represent Defendant Brighthouse Life Insurance Company ("Brighthouse") in the above-referenced action. We submit this letter in support of Brighthouse's request to continue to seal sensitive personal and proprietary commercial information contained in the Expert Report of Terry M. Long ("Long Report"), attached as an exhibit to Defendant's forthcoming Motion to Strike the Expert Report of Terry M. Long ("Long Motion"). Brighthouse previously filed a motion to seal the identical sensitive personal and proprietary commercial information contained in the Long Report ("Prior Motion to Seal") and an accompanying Declaration of Keith Hurst, dated August 28, 2024 ("Hurst Declaration"). ECF Nos. 95, 95-1. Brighthouse requests to seal the same portions of the Long Report as in the Prior Motion to Seal, and it makes this request for the same reasons specified in the Prior Motion to Seal and the Hurst Declaration, which are incorporated herein by reference. ECF Nos. 95, 95-1.[1] Plaintiff consents to Brighthouse's proposed redactions to the Long Report.

      Specifically, Brighthouse requests continued sealing of portions of the Long Report reflecting proprietary and commercially sensitive trade-secret information regarding Brighthouse's recent expense assumptions from 2018 and 2019 ("Expense Assumptions"). As set

---

[1] The Hurst Declaration summarizes the basis for sealing portions of the Long Report, which are highlighted in yellow in the sealed version filed on ECF at PDF page 18. Plaintiff consents to these redactions. The other redactions in the Long Report and exhibits to the Long Motion are redactions not requiring court approval pursuant to the Court's Individual Rules & Practices Rule I.D.1 (*e.g.*, personal account numbers for the Plaintiff).

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

August 28, 2024                                                                                           Page 2

forth in the Hurst Declaration, disclosure of the Expense Assumptions would cause substantial competitive harm to Brighthouse.  *See* ECF No. 95-1 ¶ 3.

      For the foregoing reasons, Brighthouse respectfully submits that the Expense Assumptions remain sealed.

Respectfully submitted,

*/s/ Stacey J. Rappaport*

Stacey J. Rappaport

Cc:    Counsel of Record

---

Application GRANTED.  The documents that Defendant Brighthouse requests to be filed under seal and in redacted form contain commercially sensitive and confidential business information, specifically information regarding Brighthouse's recent expense assumptions from 2018 and 2019.  For these reasons, Brighthouse's requests to seal are necessary to protect its proprietary and commercially sensitive trade-secret information.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  The Court having examined the documents in question and considered the parties' representations, it is hereby ORDERED that Defendant Brighthouse's Motions to Seal (Dkt. Nos. 95, 96) are GRANTED.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 95 and 96.

SO ORDERED.  Dated August 30, 2024

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE