

Mitchell Breit
405 E. 50th St. New York, NY 10022
mbreit@milberg.com

August 30, 2024

Via ECF

The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2024
```

Re: *Martin v. Brighthouse Life Insurance Company* - Case 1:21-cv-02923; Plaintiff's Motion for Seal

Dear Judge Garnett:

    We represent Plaintiffs in the above-referenced action. We submit this letter in support of Plaintiffs' request to seal and to continue to seal sensitive personal and proprietary commercial information contained in the Expert Report of Terry M. Long ("Long Report") and contained in the excerpts of the Deposition of Terry M. Long ("Long Deposition"), attached as exhibits to Plaintiff's forthcoming Response to Defendant's Motion to Strike the Expert Report of Terry M. Long ("Response").

    Brighthouse previously filed a motion to seal the identical sensitive personal and proprietary commercial information contained in the Long Report ("Prior Motion to Seal"). ECF No. 95. Plaintiffs now request to seal the same portions of the Long Report as in the Prior Motion to Seal. In addition, Plaintiffs seek to seal the Long Deposition as it may contain sensitive personal and proprietary commercial information. As this Court requires Plaintiffs respond within two business days to Defendants Letter Motion under 37.2 [ECF 97-98]. Plaintiffs have been unable to meet and confer under with Defendant prior to the submission of the Response. Plaintiffs therefore make this request to file the Long Deposition under seal until the parties can meet and confer and determine which testimony, if any, Defendants request to be redacted from the Long Deposition. Following the meet and confer with Defendants, Plaintiffs will re-file a redacted exhibit of the Long Deposition.

For the foregoing reasons, Plaintiffs respectfully submit that the Long Report and Long Deposition be sealed.

We appreciate the Court's consideration of this request.

Respectfully submitted,

/s/ Mitchell Breit
Mitchell Breit

Affiliates/Locations | California | Chicago | Georgia | Kentucky | Mississippi | New Jersey | New York | North Carolina | Puerto Rico | South Carolina | Tennessee | Washington | Washington D.C. | Germany | Netherlands | Portugal | United Kingdom
www.milberg.com

Hon. Margaret M. Garnett                                                                                   August 30, 2024

Tyler Litke  
MILBERG COLEMAN BRYSON PHILLIPS  
GROSSMAN, PLLC  
405 E. 50th Street  
New York, NY 10022  
Telephone: (202) 932-7081  
mbreit@milberg.com  
tlitke@milberg.com  
*Attorneys for Plaintiff*

Andrei Rado  
Law Office of Andrei Rado PLLC  
99 Wall Street, Suite 1343  
New York, NY 10005  
arado@radolawfirm.com  
Tel: 646-915-0515  
*Attorney for Plaintiff*

Application GRANTED. Plaintiff requests that Exhibit 5 to the Expert Report of Terry Long (Dkt. No. 94-6), portions of the Expert Report of Terry Long (Dkt. No. 94), and excerpts of the Deposition of Terry Long be filed under seal and in redacted form. *See* Dkt. Nos. 101, 102. The Court previously granted Defendant Brighthouse's Motions to Seal Exhibit 5 to the Expert Report of Terry Long and portions of the Expert Report of Terry Long and, for the same reasons stated in the Court's Order granting Defendant Brighthouse's Motions to Seal, *see* Dkt. No. 100, the Court GRANTS Plaintiff's Motion to Seal the same.

Plaintiff also requests that excerpts of the Deposition of Terry Long ("the Long Deposition") be filed under seal because "it may contain sensitive personal and proprietary commercial information." Dkt. No. 102. The Court finds that Plaintiff's request to seal the Long Deposition until the parties are able to meet and confer to to determine which testimony, if any, is appropriate for redaction is necessary to protect proprietary and commercially sensitive trade-secret information. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Thus, it is hereby ORDERED that the Long Deposition may be filed under seal as an exhibit to Plaintiff's forthcoming Response to Defendant's Motion to Strike the Expert Report of Terry Long. Within seven (7) days of the filing of the Long Deposition under seal, Plaintiff shall re-file the Long Deposition as an exhibit in redacted form, as necessary.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 101 and 102.

SO ORDERED. Dated September 3, 2024

HON. MARGARET M. GARNETT  
UNITED STATES DISTRICT JUDGE