USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: October 8, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE E. MARTIN, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIGHTHOUSE LIFE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | NO. 1:21-CV-02923<br><br>SEALING PROTOCOL |

MARGARET M. GARNETT, United States District Judge:

　　WHEREAS the parties have represented that they may make repeated requests to seal certain confidential information, it is HEREBY ORDERED that:

**I.　SEALING PROTOCOL**

　　The provisions of this Sealing Protocol shall apply to all documents filed in this action and this Sealing Protocol supersedes the requirements of Section 6.1 of this Court's Electronic Case Filing Rules & Instructions. The provisions of this Sealing Protocol do not alter any requirements for sealing information that may be redacted without Court approval under Federal Rule of Civil Procedure 5.2 and this Court's Individual Rules & Practices Rule I.D.1 ("Redactions Not Requiring Court Approval").

　　If either Plaintiff or Defendant wishes to seal all or portions of a forthcoming filing, the filing party may provisionally file the relevant filing or portions of such filing under seal. The filing party need not file a contemporaneous Motion to Seal as required by Section 6.1 of this

Court's Electronic Case Filing Rules & Instructions, and instead may refer to this Sealing Protocol as the basis for provisional sealing.

Within twenty-one (21) days following the conclusion of all submissions concerning a motion or application, a party wishing to seek permanent sealing of any material submitted in connection with such motion or application shall file a single Letter Motion to Seal ("<u>Subsequent Sealing Motion</u>").  The Subsequent Sealing Motion shall substantiate all requested redactions, aside from Redactions Not Requiring Court Approval, and other sealing requests in any of the submissions in connection with the motion or application at issue.

## II.     MATERIAL PREVIOUSLY SEALED

The Court has previously granted the permanent sealing of certain sensitive and proprietary commercial information in documents filed by the parties.  Specifically, the Court has previously granted Defendant Brighthouse Life Insurance Company's requests to seal its recent expense assumptions from 2018 and 2019 ("<u>Expense Assumptions</u>") contained, reflected, or discussed in (i) certain paragraphs of the Expert Report of Terry M. Long, dated April 25, 2024 ("<u>Long Report</u>"), (ii) excerpts of the Transcript of the Deposition of Terry M. Long, dated August 6, 2024, and (iii) an appendix to Defendant's Motion for Leave to File a Reply in Further Support of its Motion to Strike the Expert Report of Terry M. Long, which contains quotations from the Long Report.  *See* ECF Nos. 100, 115, 117.

Any subsequent filings that contain the Expense Assumptions shall be sealed if counsel of record for the party seeking to seal any portion of any such filings timely submits a declaration stating that the portions of such filings sought to be sealed contain, reflect, or discuss the Expense Assumptions.

### III.   OTHER CATEGORIES OF MATERIALS TO BE SEALED

The parties may seek to seal additional categories of information ("<u>Additional Sealed Information</u>") in Subsequent Sealing Motions.  If the Court orders the permanent sealing of any Additional Sealed Information, any subsequent filings that contain the Additional Sealed Information shall be sealed if counsel of record for the party seeking to seal any portion of any such filings timely submits a declaration stating that the portions of such filings sought to be sealed contain, reflect, or discuss the Additional Sealed Information.

SO ORDERED.

Dated: October 8, 2024
     New York, New York

_____
MARGARET M. GARNETT
United States District Judge