

**STACEY J. RAPPAPORT**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5347
srappaport@milbank.com  |  milbank.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2025

January 3, 2025

<u>VIA ECF</u>

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   *Martin v. Brighthouse Life Insurance Company*, Case No. 1:21-CV-02923

Dear Judge Garnett:

We represent Defendant Brighthouse Life Insurance Company ("<u>Brighthouse</u>") in the above-referenced action. We submit this letter in support of Brighthouse's motion to seal certain documents filed with Plaintiff's Motion for Class Certification ("<u>Motion</u>") and Brighthouse's opposition thereto. *See* ECF Nos. 120, 123-13, 123-16, 142-1, 142-3, 142-5, 142-14. Brighthouse seeks to seal (1) a 700-page Actuarial Memorandum from 2018 ("<u>Actuarial Memorandum</u>"), attached as Exhibit 13 to Plaintiff's Memorandum of Law in Support of the Motion, ECF No. 123-13; and (2) documents containing, reflecting, or discussing Brighthouse expense assumptions from 2018 and 2019 ("<u>Expense Assumptions</u>"), which pursuant to the Court's order, *see* ECF No. 132 ("<u>Sealing Protocol</u>"), may be sealed upon an attorney declaration that the documents contain, reflect, or discuss information subject to a prior sealing order.

*The Actuarial Memorandum*

The Actuarial Memorandum contains the results of detailed financial modeling based on proprietary assumptions for Brighthouse's entire business. *See* Declaration of Matthew Sheperd, dated December 23, 2024 ("<u>Sheperd Decl.</u>"), ¶¶ 3-8. Brighthouse filed this document with state regulators on a confidential basis and for the purpose of complying with regulatory requirements. *Id.* ¶¶ 3, 7. The financial modeling and proprietary assumptions discussed in the Actuarial Memorandum should remain sealed because they inform the company's current expectations and recent analyses. Public disclosure of the Actuarial Memorandum could cause substantial competitive harm to Brighthouse. *See id.* ¶ 6.

MILBANK LLP

NEW YORK  |  LOS ANGELES  |  WASHINGTON, D.C.  |  SÃO PAULO  |  FRANKFURT
LONDON  |  MUNICH  |  BEIJING  |  HONG KONG  |  SEOUL  |  SINGAPORE  |  TOKYO

January 3, 2025                                                                                                                                      Page 2

   Information about an insurer's actuarial assumptions is regularly sealed in cost of insurance rate litigations like this one.  *See, e.g., Brach Family Found., Inc. v. AXA Equitable Life Ins. Co.*, 2017 WL 5151357, at *2 (S.D.N.Y. Nov. 3, 2017) ("[A]ny presumption in favor of public access would be overcome here . . . and the exhibits 'are highly sensitive documents that discuss *proprietary actuarial assumptions*, processes, methodologies, and judgments . . . . Those considerations are sufficient to keep the exhibits and any references to the exhibits under seal." (emphasis added and citations omitted)); Def.'s Mot. for a Protective Order or, Alternatively, for Partial Recons. of the July 30, 2024 Order Denying Without Prejudice, Pl.'s Mot. to File Under Seal, *Brighton Tr., LLC v. Lincoln Nat'l Life Ins. Co.*, No. 2:23-cv-2251 (E.D. Pa. Aug. 6, 2024), ECF No. 103; Order Granting Def.'s Mot. or, Alternatively, for Partial Recons. of the July 30, 2024 Order Denying, Without Prejudice, Pl.'s Mot. to File Under Seal, *Brighton Tr., LLC v. Lincoln Nat'l Life Ins. Co.*, No. 2:23-cv-2251 (E.D. Pa. Aug. 8, 2024), ECF No. 104.

### *The Expense Assumptions*

   The Sealing Protocol permits a party to seal documents that contain, reflect, or discuss the Expense Assumptions.  *See* Sealing Protocol ECF No. 132.  The Declaration of Jonathan D. Lamberti, dated January 3, 2025 ("Lamberti Decl."), submitted herewith, catalogues the documents that contain, discuss, or reflect the Expense Assumptions submitted in connection with the Motion and Brighthouse's opposition thereto.  Lamberti Decl. ¶ 2.  Specifically, Brighthouse seeks to redact information about the Expense Assumptions in Martin_0000012, the 2019 COI Review Spreadsheet, Martin_6857193, and the Pfeifer Supplemental Report (defined in the Lamberti Decl.) that are similar to the redactions Brighthouse made to earlier sealed filings concerning the Expense Assumptions.  *Id.*  ¶¶ 2-3.

### *Sealing is Warranted*

   Brighthouse respectfully submits that the Actuarial Memorandum and Expense Assumptions should remain sealed because Brighthouse's sealing application is narrowly tailored to vindicate "higher values."  *Lugosch v. Pyramid*, 435 F.3d 110, 126 (2d Cir. 2006).  Even assuming the underlying documents are entitled to a presumption of public access, the weight of that presumption must be balanced against competing considerations.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  In furtherance of "higher values," courts routinely seal "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing decades-old confidential business information because it could reveal valuable insights into current business practices); *New York v. Actavis*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (sealing confidential business information that could "place a party at a competitive disadvantage"); *Liyan He v. Cigna Life Ins. Co. of N.Y.*, 2015 WL 4114523, at *2-3 (S.D.N.Y. July 8, 2015) (sealing insurer's policies/procedures due to potential competitive harm).

January 3, 2025 Page 3

Respectfully submitted,

*/s/ Stacey J. Rappaport*

Stacey J. Rappaport

Cc: Counsel of Record

---

Application GRANTED. It is hereby ORDERED that, tor the reasons stated in the Court's August 30, 2024 Sealing Order (Dkt. No. 100), Defendant Brighthouse's motion to seal or redact sensitive and proprietary commercial information relating to the Actuarial Memorandum and Brighthouse's Expense Assumptions is GRANTED.

The Clerk of Court is respectfully directed to terminate Dkt. No. 155.

SO ORDERED. Dated January 7, 2025

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE