USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2025

# Milbank

**STACEY J. RAPPAPORT**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5347
srappaport@milbank.com  |  milbank.com

January 30, 2025

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *Martin v. Brighthouse Life Insurance Company*, Case No. 1:21-CV-02923

Dear Judge Garnett:

      We represent Defendant Brighthouse Life Insurance Company ("<u>Brighthouse</u>") in the above-referenced action. We submit this letter pursuant to the Sealing Protocol Order (ECF No. 132) to request continued partial sealing of certain documents filed with (a) Brighthouse's and Plaintiff's *Daubert* motions (collectively, the "<u>*Daubert* Record</u>"),[1] which were fully briefed as of January 10, 2025, and (b) Plaintiff's Motion for Class Certification and Brighthouse's opposition thereto (the "<u>Class Certification Record</u>"), which was fully briefed as of December 13, 2024. As set forth in the chart below, all of the portions of documents at issue in this application are copies of portions of documents that have previously been sealed by this Court in connection with Brighthouse's previous sealing applications.[2]

---

[1] ECF Nos. 133-140, 145-150, and 161-163.

[2] Brighthouse's January 3, 2025 sealing application concerning the Class Certification Record inadvertently did not request sealing of portions of two documents that had been previously sealed by the Court ECF Nos. 155-157. Brighthouse here requests continued sealing of the portions of these two documents that have been previously sealed. These two documents are (1) the Expert Report Prepared by Terry M. Long, FSA, MAAA, dated April 25, 2024, which was partially sealed on August 30, 2024 (ECF No. 100), and was filed as part of the Class Certification Record at ECF Nos. 123-3, 142-15, and 152-13; and (2) a document titled "Cost of Insurance (COI) Review," dated June 2019, bearing Bates numbers Martin_0000012 - Martin_0000017, which was filed thrice as part of the Class Certification Record (ECF Nos. 123-16, 142-3, 152-9), but only twice referenced (ECF Nos. 123-16, 142-3) in Brighthouse's January 3, 2025 sealing application (ECF Nos. 155-157), which the Court granted (ECF No. 159).

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

January 30, 2025                                                                                                                   Page 2

| Document Name | ECF No(s). in *Daubert* and/or Class Certification Record | ECF No(s). of Previous Sealed Filing | Sealing Order ECF No(s). |
|---|---|---|---|
| Expert Report Prepared by Terry M. Long, FSA, MAAA, dated April 25, 2024 | 123-3, 135-11, 140-1, 142-15, 146-4, 150-2, 152-13 | 94-6, 97-1 | 100 |
| Supplemental Rebuttal Expert Report of Timothy C. Pfeifer, FSA, MAAA, dated October 18, 2024 | 135-3, 140-6, 146-2 | 142-14 | 159 |
| Document titled "Cost of Insurance (COI) Review," dated June 2019, bearing Bates numbers Martin_0000012 - Martin_0000017, produced by Brighthouse | 135-10, 146-12, 152-9 | 123-16, 142-3 | 159 |

Respectfully submitted,

/s/ Stacey J. Rappaport

Stacey J. Rappaport

Cc: Counsel of Record

Application GRANTED.

On October 8, 2024, the Court ordered a Sealing Protocol in this action. Dkt. No. 132. Under the Sealing Protocol, the parties are permitted to provisionally file materials concerning a motion or application under seal, and may seek to permanently seal such materials within 21 days following the conclusion of briefing on the relevant motion or application. Defendant's motion to permanently seal materials is timely with respect to materials concerning the parties' Daubert motions, which were fully briefed on January 10, 2025. While Defendant's motion is not timely with respect to the materials concerning the Motion for Class Certification which were not identified in Defendant's January 3 motion to seal, the Court acknowledges that the oversight was inadvertent.

Accordingly, it is hereby ORDERED that, for the reasons stated in the Court's August 30, 2024 Order (Dkt. No. 100) and January 7, 2025 Order (Dkt. No. 159), Defendant's motion to seal is GRANTED. The Clerk of Court is respectfully directed to terminate Dkt. No. 165.

SO ORDERED.  Date: 1/30/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE