# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LAWRENCE E. MARTIN,     )
on behalf of himself and all     )
others similarly situated,     )
     )
Plaintiffs,     )     Case No. 1:21-cv-02923
     )
Vs.     )
     )     <u>Judge Margaret M. Garnett</u>
BRIGHTHOUSE LIFE     )
INSURANCE COMPANY,     )
     )
Defendant,     )
     )

## PLAINTIFF'S MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, Plaintiff Lawrence E. Martin moves for approval and dissemination of notice to the certified class of current and former policy owners of ULX or ULXP policies in any of the 50 states, Puerto Rico or any United States territory issued and/or currently administered by Defendant that contains the following language: "We will base these [cost of insurance] rates only on our future outlook for mortality and expenses." Plaintiff requests that the Court approve the plan of notice described below.[1] Substantially similar class notices and plans have been approved and disseminated

---

[1] Brighthouse has requested "time to review" the plan and has promised to "meet and confer . . . before Brighthouse's response is due."

in other class action cases concerning cost of insurance charges for universal life policies.[2]

In accordance with Rule 23 and the recommendations of the Federal Judicial Center ("FJC"), the proposed notice is written in "plain, easily understood language." The notice satisfies all requirements of the rule, (*see* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii)), and contains all information necessary "to enable class members to make an informed decision about their participation." FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, FOURTH ("Manual") § 21.311, at 289 (rev. 2019). The notice accurately describes this Court's certification order using neutral language and explains the class members' options and rights at this stage of the litigation. The notice also sets out a procedure for class members to opt out of the Class. The opt-out procedure is straightforward, requiring a letter mailed within 45 days of the notice being sent with minimal information to identify the excluded policy owner.

Moreover, Plaintiff proposes individual notice by first-class, direct mail using Brighthouse's policy owner records. This is consistent with the requirement of "the

---

[2] *See, e.g.*, *Vogt v. State Farm Life Ins. Co*., No. 2:16-CV-04170-NKL, Dkt. No. 237-1, 238 (W.D. Mo. Apr. 26, 2018) and *Bally v. State Farm Life Ins. Co.*, No. 2:16-CV-04170-NKL, Dkt. No. 133 (N.D. Cal. June 5, 2020), 138 (N.D. Cal. August 7, 2020); *Meek v. Kansas City Life Insurance Co.*, No. 4:19-cv-00472-BP, Dkt. No. 164 (W.D. Mo. July 5, 2022) (settlement also resolving claims asserted in *Sheldon v. Kansas City Life Insurance Co.*, No. 4:19-cv-00899-SRB (Mo. Cir. Ct. Sept. 27, 2022), *Karr v. Kansas City Life Insurance Co.*, No. 1916-CV26645 (Mo. Cir. Ct. Aug. 17, 2021), and four other cases against Kansas City Life Insurance Co.).

best notice that is practicable under the circumstances," including by "individual notice to all members who can be identified through reasonable effort[.]" *See* Fed. R. Civ. P. 23(c)(2)(B). Plaintiff also proposes creation of a website for the litigation where the notice, pleadings, relevant orders, and additional information about the case will be posted for review. Plaintiff has retained Epiq to distribute the class notice, maintain the class website, process opt-out requests, and provide follow-up reports to the Court.

## PROCEDURAL HISTORY

On September 25, 2025, the Court issued its Order ("Certification Order," Dkt. No. 172) granting in part and denying in part the Plaintiff's Motion for Class Certification (Dkt. No. 119). In its order, the Court amended the certified class definition as described in the introductory paragraph hereof.

On October 9, 2025, Plaintiff filed a petition pursuant to Federal Rule of Civil Procedure Rule 23(f) for permission to appeal this Court's Certification Order, which modified the proposed class definition, narrowing the class from holders of 22 universal life insurance products to holders of the two products which are addressed in this notice plan. That petition remains *sub judice* at the Second Circuit Court of Appeals.

## ARGUMENT

### I.    LEGAL STANDARD

Rule 23(c)(2)(B) requires that "[f]or any class certified under Rule 23(b)(3). . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (holding that Due Process Clause requires notice and an opt-out opportunity in (b)(3) cases). Ordinarily, notice "should be given promptly after the certification order is issued." Manual § 21.311, at 288. The court has "wide discretion" as to the form and content of the notice, subject to the requirements of due process. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (citing *Mendoza v. Tucson School Dist. No. 1*, 623 F.2d 1338, 1350–51 (9th Cir.1980)). The contents of the notice should be clear and concise and contain the following elements in "plain, easily understood language":

i.    the nature of the action;

ii.    the definition of the class certified;

iii.    the class claims, issues, or defenses;

iv.    that a class member may enter an appearance through an attorney if the member so desires;

v.      that the court will exclude from the class any member who requests

        exclusion;

vi.     the time and manner for requesting exclusion; and

vii.    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

A proposed notice should contain relevant information necessary "to enable class members to make an informed decision about their participation." Manual § 21.311, at 289; *accord In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977) ("Not only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action."). The notice should therefore include "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *In re Nissan*, 552 F.2d at 1105. At the same time, because an "overly detailed notice" may be counterproductive, "the notice need not include 'every material fact.'" *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (quoting *In re Nissan*, 552 F.2d at 1104–1105).

## II.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE AND NOTICE PLAN

### a. Plaintiff's Proposed Notice Satisfies the Requirements of Rule 23 and Provides Necessary Information for Class Members to Make an Informed Decision.

Plaintiff's proposed notice meets the requirements of Rule 23(c)(2)(B)(i)-(vii). It endeavors to use easy-to-understand language instead of legal jargon. First, the notice describes the nature of Plaintiff's action Brighthouse. *See* Ex. A at p. 1. Second, the class definition is presented in plain language in terms such that any recipient or reader can readily determine if he or she is a class member. *Id.* at p. 1. Third, the notice explains the nature of the claims pursued by Plaintiff on behalf of the Class and the defenses asserted by Brighthouse, as well as referring to the class website where Plaintiff's Complaint and Brighthouse's Answer will be available. *Id.* at pp. 2-3. Fourth, the notice states that a class member can retain a lawyer at his or her own expense, but that he or she is not required to do so and will be represented by Class Counsel. *Id.* at p. 4. Fifth, the notice explains that the Court will exclude anyone who makes a proper request for exclusion, and it describes the exclusion process and deadline. *Id.* at pp. 4-5. Sixth, the notice explains that by staying in the Class, any judgment will bind the class member, whether that judgment is favorable or unfavorable to the Class. *Id.* at p. 4. Thus, the proposed notice satisfies each of the textual requirements of Rule 23(c)(2)(B)(i)-(vii).

Further, the proposed notice provides class members with other relevant information to aid in their decision whether to remain in the Class. The notice describes, in general terms, what a class action is and why the Court certified this case as a class action. *See* Ex. A at p. 2. It discloses that Plaintiff is seeking monetary relief in the form of damages. *Id*. at p. 3; cf. Manual § 21.311, at 289 ("The notice should . . . describe the relief sought."). And it explains how the case will be tried, that a class member need not attend trial, and how a class member can share in any recovery. *See* Ex. A at p. 4. These are all topics suggested by the FJC in its model forms.[3]

The proposed notice is written neutrally and "emphasiz[es] that the court has not ruled on the merits." Manual § 21.311, at 289; *see, e.g.,* Ex. A at p. 3. It also provides neutral, objectively accurate information about the consequences of opting out or remaining in the Class. *Compare* Manual § 21.311, at 289 *with* Ex. at p. 4. Importantly, the notice "explain[s] [the] risks and benefits of retaining class membership and opting out" so that class members can make an informed decision. Manual § 21.311, at 289. Like the model FJC forms, it describes the consequences of doing nothing and of opting out.[4] Ex. A at pp. 4-5. It also explains why a class

---

[3] *See, e.g.*, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at pp. 2-4, 7 at Questions 3-4, 8, 18-19.

[4] *See, e.g.*, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at p. 6 at Questions 14-15.

member may seek exclusion, including if the class member wishes to sue Brighthouse individually.[5] *Id.* at p. 4.

In addition, the proposed notice explains on the cover page that this is a notice approved by the Court and is not a solicitation, so that class members do not discard the notice believing it to be an advertisement. *Id.*, Cover Page.

For these reasons, the proposed notice meets all the requirements of Rule 23 and due process.

### b. The Opt-Out Process Contains Proper Safeguards Without Burdening Class Members.

Plaintiff proposes a simple and non-burdensome procedure for opting out of the Class. To opt out, a class member need only sign and return the Exclusion Request Form, Exhibit B, by U.S. mail, stating his or her name, policy number, and address. These are minimal requirements necessary to ensure authenticity and avoid ambiguity. *See. e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, No. MDL 1061, 1999 WL 496491, at *4 (D.N.J. May 6, 1999) (describing similar requirements to the ones proposed here as "simple steps"). Courts have elsewhere required more information than is requested in this case. *See, e.g., In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92 (D.N.J. 2012) (requiring name, address, telephone number and information about the opt-out's purchases, including policy number, premium paid,

---

[5] *See, e.g.*, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at p. 6 at Question 15.

and policy dates); *In re Mexico Money Transfer Litig.* (W. Union & Valuta), 164 F. Supp. 2d 1002, 1032 (N.D. Ill. 2000) (requiring approximate number of transactions), *aff'd sub nom. In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001); *In re Chipcom Corp.*, No. CIV. A. 95-11114–DPW, 1997 WL 1102329, at *20 (D. Mass. June 26, 1997) (requiring number of shares purchased or sold, date of transaction, and price); *In re Conn. Gen. Life Ins. Co.*, No. MDL 1136, 1997 WL 910387, at *27 (C.D. Cal. Feb. 13, 1997) (same).

Consistent with their due process rights, the class members will have 45 days to request exclusion. *See Greco v. Ginn Dev. Co.*, LLC, 635 F. App'x 628, 634 (11th Cir. 2015) (collecting cases and finding 45 day period to opt out of proposed class settlement sufficient); *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993) (approving 31-day opt-out period); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving notice mailed 26 days before the deadline for opting out of a settlement); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 708 (E.D. Mo. 2002) (four weeks to object to class settlement consistent with due process); *Geiger v. Sisters of Charity of Leavenworth Health Sys., Inc.*, No. 14-2378, 2015 WL 4523806, at *5 (D. Kan. July 27, 2015) (approving schedule giving class members 28 days to opt-out or object to class action settlement).

### c. Notice Administration

Plaintiff has engaged Epiq ("Epiq") to serve as the proposed Notice Administrator. If appointed, Epiq will disseminate a postcard notice ("Postcard", Exhibit B) directing class members to a dedicated website where the full class notice (the "Long Form Notice, attached as Exhibit A) and the toll-free support number for class members can be found. As the attached resume shows, Epiq has extensive experience managing the dissemination of class notice. *See* Exhibit C.

Epiq will distribute the Postcard class notice via first class U.S. mail to the Class. To do so, Epiq will use the mailing addresses Brighthouse maintains for its policy owners. First, Epiq will make a reasonable effort to update the addresses Brighthouse has in its business records. In that regard, Epiq will check the address against the National Change of Address database. Next, for all individual notices that are returned as undeliverable, Epiq will make reasonable efforts to obtain a current mailing address, including through a "skip trace" search, and re-mail the Postcard to the class member's last known physical address. Epiq will use customary search protocols to attempt to obtain current addresses for class members whose notices are returned to sender. These efforts will ensure that individual notice is mailed to a high percentage of class members.

Epiq also will coordinate with counsel to develop a website providing detailed information about this litigation. This website will include copies of the Long Form Notice and relevant pleadings and orders. Epiq will also implement a dedicated toll-free telephone number at which class members can listen to recorded information This notice plan will provide the best notice practicable under the circumstances.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant this motion and approve the proposed Long Form Notice, A, the Postcard, together with the notice plan affording class members 45 days to opt out. Plaintiff further requests that the Court appoint Epiq to supervise and administer the notice procedure, directing Epiq to, among other things, compile a list of names and addresses of potential class members from Brighthouse's current records, to be provided by Brighthouse within 7 days of the order; ensure the distribution of the Postcard via first class U.S. mail; create a website posting copies of the Long Form Notice and relevant pleadings and orders; and compile any timely requests for exclusion, which Class Counsel will promptly file with the Court after the opt-out deadline has expired. A proposed order is attached as Exhibit C.

[*Signature to follow on next page*]

Respectfully submitted, this 12th day of January 2026.

*/s/ Mitchell Breit*
Mitchell Breit
MILBERG, PLLC
405 E. 50th Street
New York, NY 10022
Telephone: (202) 932-7081
mbreit@milberg.com

**Class Counsel**

Andrei Rado
Law Office of Andrei Rado PLLC
99 Wall Street, Suite 1343
New York, NY 10005
arado@radolawfirm.com
Tel: 646-915-0515

**Additional Counsel for Plaintiff and the Proposed Class**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused to be electronically filed the foregoing **PLAINTIFF'S MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

This 12th day of January, 2026.

*/s/ Mitchell Breit*
Mitchell Breit
