```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE E. MARTIN, on behalf of himself and all others similarly situated,

            Plaintiff,

-against-

BRIGHTHOUSE LIFE INSURANCE COMPANY,

           Defendant.

21-CV-02923 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      This is a breach of contract action brought by Plaintiff Lawrence E. Martin against Brighthouse Life Insurance Company. On September 25, 2025, the Court issued an Opinion and Order that, *inter alia,* certified a Federal Rule of Civil Procedure 23(b)(3) class. *See* Dkt. No. 172. Presently before the Court is Plaintiff's motion for approval of the form and manner of class notice under Federal Rule of Civil Procedure 23(c)(2). Dkt. No. 179. Plaintiff proposes that the Court appoint Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the notice administrator. Dkt. No. 179 at 3, 11. Attached to the motion are a long-form notice (Dkt. No. 179-1) and a postcard notice (Dkt. No. 179-3).

      The parties have met and conferred regarding Plaintiff's motion. After meeting and conferring, the parties have agreed to the use of a revised long-form notice (Dkt. No. 181-1) and a revised postcard notice (Dkt. No. 181-3). The Court refers to the revised long-form notice and the revised postcard notice together as the "Class Notice." Additionally, the parties have agreed that Epiq should be appointed as notice administrator, that any information on the class website shall be consistent with the revised long-form notice and revised postcard notice, and that the parties shall regularly "meet and confer during the website's development regarding the contents of the" class website. *See* Dkt. No. 180.

      A district court has "wide discretion" concerning the form and content of class notice but must ensure such notice complies with Federal Rule of Civil Procedure 23(c)(2)(B) and the Due Process Clause. Under Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  Additionally, the Due Process Clause requires that would-be (b)(3) class members have notice and an opportunity to opt out of the class.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985) (describing the requirements for notice); *see also id.* at 812 ("[D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court.").

The Class Notice satisfies the requirements of Rule 23(c)(2)(B).  It uses plain, easy-to-understand language and avoids using legal jargon or "legalese."  Additionally, the proposed notice adequately explains in a layperson's terms what is a class action, what is the dispute in this matter, and the logistics of how the class action will operate.  *See* FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.311, at 289–92 (rev. 2019) (suggesting materials that adequate class notice should include).  The Class Notice satisfies the requirements of the Due Process Clause as well.  The opt-out procedure is neither unduly burdensome nor complicated, so an absent plaintiff can easily choose to remove himself or herself from the class.  Forty-five (45) days also provides a plaintiff more than sufficient time to consider and decide whether to opt out of the class.

Accordingly, Plaintiff's motion for approval of class notice (Dkt. No. 179) is GRANTED and it is hereby ORDERED that:

(1) Epiq Class Action & Claims Solutions, Inc. ("Eqiq") shall serve as Notice Administrator.  Its responsibilities shall include compiling a list of names and addresses of potential class members, ensuring the distribution of notice materials, developing and maintaining a class website, processing opt-out requests, and providing follow-up reports to the Court.  Consistent with the parties' agreement, the class website shall be consistent with the revised long-form notice and revised postcard notice.

(2) Defendant shall provide Plaintiff and the Notice Administrator with the last known names and addresses of all proposed class members within seven (7) days of this Order.

(3) Epiq is directed to cause notice to issue in substantially the form set forth in the motion, albeit with the revised Long-Form Notice and revised Post Card Notice attached as Exhibits A and C of the January 26, 2026 Declaration of Stacy J. Rappaport (Dkt. Nos. 181-1 & 181-3), within thirty (30) days of this order. Epiq is further directed to take measures that Plaintiff deems necessary and appropriate to ensure that the substance of the Class Notice is communicated to class members, including the use of dedicated telephone lines, websites, and/or other methods of communication that accomplish the timely and efficient dissemination of notice to class members.

(4) Class members shall have forty-five (45) days from the date of mailing of the Class Notice to opt out of the class.

Dated: February 5, 2026
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge